IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christine Michelle Wood, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:12-1757-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 34). Plaintiff asserts she is entitled to an award under EAJA because Defendant's position in this Social Security disability appeal was not substantially justified and the amount of fees requested is reasonable. Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 35).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988).

Plaintiff appealed the Commissioner's decision denying her disability claim, which centered on the allegedly disabling effects of a migraine condition. In reviewing the record in

this matter, the Court was troubled by the fact that the medical records of the two treating neurologists, one of whom had seen Plaintiff weeks before the hearing, were not in the record. The Court noted that at the administrative hearing the ALJ had left the record open for fifteen days and asked Plaintiff's counsel to provide any additional treatment records. It appeared no additional records were provided.

Since the Plaintiff's impairments associated with her migraine condition appeared to be the critical issue in the appeal, the Court found itself torn between two arguably competing legal principles. On one hand, the claimant has a duty to furnish all medical evidence and the burden of proving her claim. 20 C.F.R. § 404.1512(a). On the other hand, the ALJ is required to "develop a full and fair record" and to correct any deficiencies or gaps in the record. *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991). This duty exists where such evidence is necessary to a fair determination of the claim. *Milton v. Schweiker*, 669 F.2d 554, 556 (8th Cir. 1982). In a very close question, the Court resolved that it would be manifestly unjust under these circumstances to determine Plaintiff's disability claim without the inclusion of these potentially critical medical records of treating specialist physicians being part of the administrative record. Thus, the Court reversed the decision of the Commissioner and remanded the matter to the agency to complete the record.

The Court has reviewed Plaintiff's motion for attorney's fees under EAJA and the Commissioner's response. Under these quite unusual circumstances, the Court finds the Commissioner's position, while not ultimately sustained, to be substantially justified. Therefore, Plaintiff's motion for an award of attorney's fees under EAJA is denied.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
February 6, 2014